IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

CATERPILLAR FINANCIAL
SERVICES CORPORATION,

        Plaintiff,

v.

FEELY'S SERVICE, LLC, WILLIAM R.
FEELY, and WILLIAM W. FEELY,

        Defendants.

Case No. 19-2533-DDC-KGG

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Caterpillar Financial Services Corporation's Application for Entry of Default Judgment (Doc. 16). Plaintiff has asked the Clerk of the Court to enter default judgment against defendants Feely's Service, LLC, William R. Feely, and William W. Feely. For reasons explained below, the court defers ruling on plaintiff's motion for 30 days from the date of this Order to allow plaintiff an opportunity to supplement its motion.

### I.    Procedural Background

On September 3, 2019, plaintiff filed this lawsuit against defendants, asserting the court has diversity jurisdiction under 28 U.S.C. §1332(a) because all defendants are citizens of Kansas, plaintiff is a citizen of Delaware and Tennessee, and the amount in controversy exceeds $75,000. Doc. 1. Plaintiff personally served the Complaint on all defendants on September 7, 2019. Docs. 5–7. On September 19, 2019, plaintiff filed an Amended Verified Complaint.[1] Doc. 8.

---

[1]    Plaintiff's Amended Verified Complaint was filed in response to the court's Show Cause Order. This Show Cause Order explained that subject matter jurisdiction was not established property in the original Complaint. *See* Doc. 4. The Amended Complaint fixes the jurisdictional defects but asserts the same substantive claims against

When defendants failed to answer or otherwise defend within the applicable time period, plaintiff filed an Application for Clerk's Entry of Default against all defendants. Doc. 13. And, on October 29, 2019, the Clerk of the Court entered default against all defendants under Federal Rule of Civil Procedure 55(a). Doc. 15. To date, no defendant has responded to the Complaint, the Amended Complaint, or otherwise appeared in the lawsuit.

Plaintiff now seeks a default judgment against defendants on plaintiff's breach of contract and breach of guaranty claims. *See* Doc. 16; Doc. 8 at 5–10 (Am. Compl. ¶¶ 27–55 (Counts I–IV)). Plaintiff asserts that defendants have failed to pay principal, interest, and other fees due under a 2013 Loan Agreement, 2014 Loan Agreement, and related Guaranties (each defined below). *See* Docs. 8 & 16. Plaintiff's Application for Entry of Default Judgment seeks judgment for the following amounts, which represent amounts owed to plaintiff through October 14, 2019:

> a. For Counts I and III (Breach of 2013 Loan Agreement and related Guaranties): $46,414.89, consisting of Principal in the amount of $27,463.19, Interest in the amount of $13,782.40 plus per diem interest accruing at the rate of $6.19 per day thereafter, Repair and Storage fees of $4,395.81, Late Fees in

---

defendants. *Compare* Doc. 1 *with* Doc. 8. And, the court determined that plaintiff now has pleaded facts sufficient to allege diversity jurisdiction in the Amended Complaint. Doc. 10.

Plaintiff reports the Amended Complaint was served on September 19, 2019 by first class mail, postage prepaid to defendants. Doc. 8 at 11. Under Fed. R. Civ. P. 5(a)(1)(B), (b)(2)(C), a pleading filed after the original complaint may be served by "mailing it to the person's last known address—in which event service is complete upon mailing." Here, though defendants have never appeared, the mailed service under Rule 5 is permitted because the Amended Complaint asserts the same claims against defendants as the original Complaint. *See* Fed. R. Civ. P. 5(a)(2) (explaining that if a party is in default for failing to appear, any pleading that asserts a new claim for relief against such a party must be served under Rule 4); *MacIntyre v. JP Morgan Chase, N.A.*, No. 13-cv-1647-WJM-MEH, 2014 WL 128032, at *4 (D. Colo. Jan. 14, 2014) (explaining Rule 5(a)(2) ensures a party "is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served" and that "for purposes of Rule 5(a)(2), a party who has failed to appear . . . is a party in default" (internal quotations and citations omitted)).

    the amount of $652.74, and NSF/Stop Payment and Lien Cancellation Fees of $120.75.

  b. For Counts II and IV (Breach of 2014 Loan Agreement and related Guaranties): $146,457.73, consisting of Principal in the amount of $115,364.06, Interest in the amount of $22,821.48 plus per diem interest accruing at the rate of $19.21 per day thereafter, Repair and Storage fees of $7,146.60, Late Fees in the amount of $745.59, Buyout Fees in the amount of $275.00, and NSF Fees in the amount of $105.00.

  c. Attorneys' fees and costs in the amount of $9,323.84.

Doc. 16 at 2–3. And, plaintiff has submitted an affidavit from one of its Special Accounts Representatives testifying that the above amounts are owed by defendants to plaintiff. Doc. 16-1.

  Plaintiff contends the Clerk of the Court may enter default judgment against defendants under Federal Rule of Civil Procedure 55(b)(1) because plaintiff seeks a sum certain and has provided an affidavit stating the amounts due. Doc. 16 at 3; *see also* Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."). On the current record, however, the court cannot grant plaintiff the complete relief it seeks. For reasons explained below, the court defers ruling on plaintiff's motion because not all amounts plaintiff seeks are sums certain. If plaintiff seeks a default judgment that includes attorneys' fees and costs, plaintiff must supplement the record so that the court may consider plaintiff's motion as a motion for default

judgment that the court—and not the clerk—may enter under Federal Rule of Civil Procedure 55(b)(2).

## II. Legal Standard

Federal Rule of Civil Procedure 55 provides a two-step process for securing a default judgment. First, Rule 55(a) allows the Clerk to enter default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, plaintiff may request the Clerk to enter judgment for an amount that is "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). But, when a plaintiff's claim does not seek a sum certain, plaintiff must apply to the court for a default judgment under Rule 55(b)(2). And, when considering a motion for default judgment under Rule 55(b)(2), the court may hold a hearing if "it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

"Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (citations and internal quotation marks omitted). So, on a default judgment motion, the court accepts as true the well-pleaded factual allegations from plaintiff's complaint. *Id.* But, the court does not accept as true allegations about the amount of damages. *Id.* Even after default, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)). And, when requesting damages for a default judgment, "[p]laintiff must establish that the amount requested

is reasonable under the circumstances." *Mathiason*, 187 F. Supp. 3d at 1275 (citing *DeMarsh v. Tornado Innovations, LP*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009)). The court may award damages "'only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *DeMarsh*, 2009 WL 3720180, at *2 (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (further citations and internal quotation marks omitted)). When deciding whether to enter a default judgment, the district court exercises broad discretion. *Mathiason*, 187 F. Supp. 3d at 1274.

**III. Analysis**

Defendants have failed to appear, plead, or otherwise defend this action. So, the Clerk properly entered default. And, the court thus will accept as true all factual allegations in the Amended Complaint. But, the court still is "obligated to determine whether the facts establish a basis for entry of judgment and whether the damages claimed are supported by the record." *Bennett v. Luigi's Italian Rest.*, No. 6:18-cv-01295, 2019 WL 2501485, at *1 (D. Kan. June 17, 2019). The court considers, below, whether plaintiff has provided the requisite basis for entering judgment and whether the damages claimed are supported by the record.

The Amended Complaint asserts breach of contract and breach of guaranty claims. *See* Doc. 8 at 5–10 (Am. Compl. ¶¶ 27–55 (Counts I–IV)). Plaintiff asserts that defendants failed to make monthly payments due under two loan agreements entered into by Feely's Service, LLC in connection with equipment purchases, and guaranteed by William R. Feely and William W. Feely. Doc. 8 at 4–5. Plaintiff has attached the loan agreements and guaranties to the Amended Complaint. Docs. 8-1–8-5. Under the loan agreements, Feely's Service, LLC granted plaintiff a security interest in the equipment purchased and, when Feely's Service, LLC defaulted on the

5

loans, plaintiff exercised its right to repossess the equipment and sell it.  Doc. 8 at 5 (Am. Compl. ¶ 22); Doc. 18-1 at 2; Doc. 18-4 at 1, 5.  But, the sale did not cover all amounts owed to plaintiff.  So, plaintiff has filed this suit seeking to recover the deficiencies which, plaintiff asserts, include principal, interest, repair and storage fees, late fees, non-sufficient funds fees, stop payment fees, lien cancellation fees, and buyout fees.  Doc. 8 at 5 (Am. Compl. ¶ 23).  Plaintiff also seeks to recover attorneys' fees incurred to enforce the Loan Documents (defined below).  Doc. 8 at 5 (Am. Compl. ¶ 24).

Plaintiff contends the court should award the principal, interest, and various fees as damages because "the terms of the Loan Agreements . . . provide that [Feely's Service LLC] promised to pay [plaintiff] for all costs that it incurs in collecting the sums due under the Loan Agreement[s]."  *Id.* at 4.  And, the guarantors—William R. Feely and William W. Feely—guaranteed all obligations owed by Feely's Service, LLC to plaintiff.  *Id.* at 5.  Plaintiff alleges that defendants have failed to pay plaintiff the remaining amounts owed under the Loan Documents following the equipment sales.  *Id.* at 4–5.  And, it has provided an affidavit from plaintiff's employee testifying to the amounts due.  Doc. 16-1.

The court reviewed the Amended Complaint and the attached Loan Documents, the terms of which are summarized below.  The unchallenged failures to pay the deficiencies remaining after the equipment sales constitute legitimate breach of contract and beach of guaranty causes of action.  Thus, the court considers whether the damages claimed by plaintiff are adequately supported by the record.  Because plaintiff's Amended Complaint asserts that the Loan Documents entitle plaintiff to the damages sought, the court has reviewed those documents to determine if they provide an adequate basis for the requested damage award.  While plaintiff's requests for principal, interest, and certain fees may constitute sums certain supported by

affidavit under the terms of the Loan Documents, the request for attorneys' fees and costs does not. And, the court concludes the current record does not adequately support plaintiff's claimed damages for attorneys' fees and costs.

*The Terms of the Loan Documents*

**The 2013 Loan Agreement**

In October 2013, Feely's Service, LLC entered into a loan agreement governing the purchase of equipment (the "2013 Loan Agreement"). Doc. 8-1. Under the 2013 Loan Agreement, Feely's Service, LLC agreed to pay plaintiff the purchase price for the equipment in installments with implicit interest, plus a late payment charge for any late payments. *Id.* at 1; Doc. 8-3. Feely's Service, LLC granted plaintiff a security interest in the equipment to secure payment and performance under the 2013 Loan Agreement. Doc. 8-1 at 2. Events of default include, among others, failing to make a payment when due and defaulting under any other agreement between Feely's Service, LLC or any guarantor of the 2013 Loan Agreement and plaintiff. *Id.* at 2.

When an event of default occurs, plaintiff is entitled to all rights and remedies provided by the 2013 Loan Agreement, as well as those provided to a secured party under the Uniform Commercial Code. Doc. 8-1 at 2. These remedies include the right to "recover additional damages and expenses suffered by [plaintiff] due to the Event of Default" and plaintiff's right to enforce its security interest. *Id.* Feely's Service, LLC also specifically agreed to "pay all charges, costs, expenses and *reasonable* attorney's fees incurred by [plaintiff] in enforcing" the 2013 Loan Agreement. *Id.* at 3 (emphasis added). And, Feely's Service, LLC agreed to be liable for any deficiency. *Id.*; *see also* Tenn. Code Ann. § 47-9-615(d)(2)[2] (providing that the obligor

---

[2] The parties agreed that Tennessee law governs their agreement. Doc. 8-1 at 3.

remains liable for any deficiency if "the security interest under which a disposition is made secures payment or performance of an obligation").

### The 2013 Guaranties

William R. Feely and William W. Feely each agreed to a Guaranty for the 2013 Loan Agreement. In it, they primarily, jointly, severally and unconditionally guaranteed Feely's Service, LLC's "present and future obligations" to plaintiff. Doc. 18-2 at 1, 3 (the "2013 Guaranties"). Under the 2013 Guaranties, both individuals agreed to pay plaintiff on demand "all sums due and to become due to [plaintiff] from [Feely's Service, LLC] and all losses, costs, attorneys' fees or expenses . . . suffered . . . by reason of" Feely's Service, LLC's default under any agreements with plaintiff. *Id.* They also agreed to be liable for any deficiency after a sale. *Id.*

### The 2014 Loan Agreement

In November 2014, Feely's Service, LLC entered into another loan agreement with plaintiff in connection with the purchase of additional equipment (the "2014 Loan Agreement" and together with the 2013 Loan Agreement, the "Loan Agreements"). Doc. 18-4. Feely's Service, LLC agreed to pay plaintiff the purchase price for the equipment in installments with precomputed interest, and a late payment charge for any late payments. Doc. 8-4 at 1, 3. If the amount financed was paid in full during the first two years of the contract, Feely's Service, LLC was obligated to pay a pre-payment premium. *Id.* at 3. And, in the event of a returned check, Feely's Service, LLC agreed it would be liable for a returned check fee. *Id.* at 1. Feely's Service, LLC granted a security interest in the equipment to secure the obligations. *Id.* at 1. Events of default under this agreement again include any failure to make a payment when due

8

and a cross-default provision to any other agreement between Feely's Service, LLC or any guarantor of the 2014 Loan Agreement and plaintiff. Doc. 8-4 at 1.

The remedies provisions in the 2014 Loan Agreement differ, at least somewhat, from the 2013 Loan Agreement. Like the earlier loan agreement, plaintiff is entitled to all rights and remedies provided by the 2014 Loan Agreement and the Uniform Commercial Code. Doc. 8-4 at 2. Unlike the 2013 Loan Agreement, the 2014 Loan Agreement does not state explicitly that Feely's Service, LLC agrees to pay all enforcement costs, including attorneys' fees. However, the 2014 Loan Agreement does provide that plaintiff has the right to apply the proceeds from a sale first to cover costs and expenses incurred enforcing the agreement and selling the equipment, and next, to pay late fees and other charges and interest due, then to pay principal, and finally to pay other amounts owed. *Id.* at 2. And, Feely's Service, LLC agreed to be liable for any deficiency. *Id.*

The Loan Agreements were cross-collateralized and cross-defaulted. Doc. 18-4 at 5–6.

**The 2014 Guaranty**

William W. Feely executed a Guaranty for this 2014 Loan Agreement with similar terms as his earlier guarantee (the "2014 Guaranty" and together with the 2013 Guaranties, the "Guaranties"; the Guaranties together with the Loan Agreements, collectively, the "Loan Documents"). Doc. 18-5.

*The Attorneys' Fees Claimed*

Plaintiff requests "attorney's fees and costs in the amount of $9,323.84." Doc. 16 at 4. The affidavit of plaintiff's Special Accounts Representative repeats that the above amount is owed for attorneys' fees and costs. Doc. 16-1 at 1–2. But, plaintiff provided no additional information to support the request for these fees and costs.

9

The 2013 Loan Agreement explicitly provides that Feely's Service, LLC agrees to pay all *reasonable* attorneys' fees incurred by plaintiff in enforcing the 2013 Loan Agreement. Doc. 18-1 at 3. Guarantors, in the Guaranties, also explicitly agreed to pay all attorneys' fees or expenses sustained by plaintiff because of a default. Doc. 8-2 at 1, 3; Doc. 8-5 at 1. But, the court has not located—and plaintiff does not identify—any provision in the 2014 Loan Agreement explicitly permitting recovery of attorneys' fees from Feely's Service, LLC after a breach of that agreement. *See Simplex, Inc. v. Glob. Source One Int'l, Inc.*, No. 12-3101, 2013 WL 5348566, at *1 (C.D. Ill. Sept. 23, 2013) (noting that, under Illinois law, it is unclear whether collection costs include attorneys' fees and declining to apportion fees to a defendant where the contract provided for collection costs but did not explicitly provide for attorneys' fees).

Also, plaintiff's request for attorneys' fees and costs is not a sum certain because it requires a judicial determination of the reasonableness of those fees and costs. *See United States v. Hardage*, 985 F.2d 1427, 1438 (10th Cir. 1993) ("An award of attorneys' fees is not a sum certain where the reasonableness of those fees is still to be determined by the trial court."). So, plaintiff must move for a default judgment under Federal Rule of Civil Procedure 55(b)(2), instead of Rule 55(b)(1). And, on the current record, the court cannot determine the reasonableness of plaintiff's requested attorneys' fees and costs. For instance, plaintiff has provided no billing records for the court to determine the reasonableness of the requested amounts—*i.e.*, number of hours spent, hourly rate, and description of task. *See First Home Bank v. USA Pro Roofing and Constr., LLC*, No. 18-cv-00965-MSK-STV, 2018 WL 6990394, at *4–6 (D. Colo. Oct. 19, 2018) (explaining the provisions of the defaulted note entitled plaintiff to attorneys' fees and the plaintiff should provide detailed time records, then the court will determine the reasonableness of such fees by determining a reasonable number of hours

expended and multiplying by a reasonable hourly rate); *see also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (explaining normally "attorney's fees may not be awarded without a hearing to determine the amount"); *Travelers Cas. & Surety Co. of Am. v. Dubbin*, No. 19-516 MV/GJF, 2019 WL 5328874, at *3 & n.4 (D.N.M. Sept. 17, 2019) (explaining that a request for reasonable attorneys' fees is not a request for a sum certain, but the clerk could enter judgment for a sum certain, including attorneys' fees, where the contract did not contain a reasonableness limitation and plaintiff provided an affidavit "itemizing and attesting to each sum demanded," "documentation regarding the bonds paid before and after the filing of the complaint, [and] invoices for professional services and attorney's fees," from which the court was able to determine that the reimbursement request was not unreasonable or inequitable); *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1178–83 (D. Kan. 2018) (determining the reasonableness of attorneys' fees by considering the number of hours reasonably expended multiplied by a reasonable hourly rate and taking into account the attorney's experience level, reputation, and ability).

The court thus directs plaintiff—if it desires the court to award attorneys' fees and costs—to supplement the record with billing records to allow the court to determine the reasonableness of the attorneys' fees and costs. To the extent plaintiff seeks damages from Feely's Service, LLC that include attorneys' fees arising from the breach of the 2014 Loan Agreement, plaintiff also must explain the basis allowing recovery of such attorneys' fees under the 2014 Loan Agreement or Tennessee law.

**IV. Conclusion**

In conclusion, while the court accepts as true the allegations of plaintiff's Amended Complaint and concludes they provide an adequate basis for entry of judgment against

11

defendants, the court declines to enter the default judgment plaintiff has requested at this time. Plaintiff has not yet provided evidentiary support for the attorneys' fees and costs damages it claims. These damages are not a sum certain because they include a requested award of *reasonable* attorneys' fees that requires the court's consideration. And, the basis to recover attorneys' fees from Feely's Service, LLC under the 2014 Loan Agreement or Tennessee Uniform Commercial Code is unclear. Plaintiff must supplement the record, providing the court with evidentiary support to determine the reasonableness of such fees.

For these reasons, on the current record, the court cannot enter the requested default judgment against defendants. The court directs plaintiff—if it desires to maintain its request for attorneys' fees and costs as part of the damages—to supplement the record with sufficient evidentiary proof supporting the amount of damages claimed within 30 days of the date of this Order. The court then will determine under Rule 55(b)(2) if the supplemented record supports the reasonableness of any attorneys' fees and costs claimed as damages.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court defers ruling on plaintiff's Application for Entry of Default Judgment (Doc. 16). If plaintiff wishes for the court to enter default judgment in an amount that includes attorneys' fees and costs, the court directs plaintiff within 30 days from the date of this Order to supplement the record so that the court may consider plaintiff's motion as a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2).

**IT IS SO ORDERED.**

**Dated this 6th day of February, 2020, at Kansas City, Kansas.**

                **s/ Daniel D. Crabtree**
                **Daniel D. Crabtree**
                **United States District Judge**